[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE OF DEFENDANTAMERICAN MEDICAL RESPONSE OF CONNECTICUT, INC.
The defendant American Medical Response of Connecticut, Inc. (AMR), has filed a motion to strike counts 5, 11, 23, 29 and 35 of the complaint on the basis that those counts fail to state claims upon which relief can be granted.
Counts 5 and 23 assert claims against AMR based upon negligence. AMR claims that it is entitled to immunity from such claims by virtue of C.G.S. § 52-557b (the Good Samaritan Law). CT Page 11990
Sec. 52-557b provides, in pertinent part:
 ". . . [A]mbulance personnel . . . who renders emergency first aid to a person in need thereof, shall not be liable to such person assisted for civil damages for any personal injuries which result from acts or omissions, by such person in rendering the emergency first aid, which may constitute ordinary negligence."
Essentially, the claims of negligence against AMR relate not to the actual care and treatment administered to the plaintiff's decedent at the scene of the emergency, but rather to a delay in responding to the call for emergency services. That delay, alleges the plaintiff, was due to the negligence of AMR in training its personnel and having in place proper protocol for the dispatching of emergency services, along with claims of negligence based simply on failing to respond in a timely manner.
"First aid" is defined in Webster's Ninth New Collegiate Dictionary (1987) as "emergency care or medical treatment given to an ill or injured person before regular medical treatment can be obtained."
In the opinion of the court, the allegations against AMR do not implicate conduct for which the Good Samaritan Law was intended to provide immunity. The claims of negligence do not come within the ambit of the "rendering emergency first aid" which pertains to the actual hands-on treatment at the scene.
Therefore, as to counts 5 and 23, insofar as the claim of immunity under § 52-557b is concerned, the motion to strike is denied.
As to counts 11 and 29, the plaintiff seeks to allege a cause of action against AMR in gross negligence. The defendant AMR moves to strike those counts on the ground that Connecticut does not recognize a cause of action in gross negligence. The plaintiff argues that § 52-557b creates a cause of action in gross negligence. However, since the court has held above that §52-557b is inapplicable insofar as the claims against AMR are concerned, it cannot be relied upon by the plaintiff in an effort to salvage the gross negligence claims.
Since the court agrees with the defendant that gross CT Page 11991 negligence is not a cognizable cause of action, counts 11 and 29 must be stricken.
Finally, AMR moves to strike counts 23 and 35, which allege a cause of action in loss of chance on the ground that Connecticut does not recognize such a cause of action.
This court has previously held in connection with a motion to strike filed by CMED, a co-defendant, that Borkowski v. Sacheti,43 Conn. App. 294 (1996), recognizes a cause of action for loss of chance in a medical malpractice action [CONN. L. RPTR. No. 13, 432 (December 15, 1997)]. The reasoning set forth in the court's memorandum of decision as to the motion to strike of CMED applies equally to this motion and the claims of AMR regarding the loss of chance doctrine.
Accordingly, the motion to strike of the defendant AMR is denied as to counts 5, 23 and 35, and granted as to counts 11 and 29.
Thompson J.